1st of Marillyn May it please the Court, Counsel. This case, as you know, is somewhat related to the prior case, but should be a bit less complicated. First of all, procedurally, it's a little different posture than the way it was when it was filed. When it was filed, Care First was appealing the denial of attorney's fees as to Inova and Victory. Inova has been dismissed from the appeal due to the bankruptcy. Victory was dismissed from the other appeal on their own motion. So, technically, the issue of whether the dismissal was proper as to Victory is no longer relevant to this appeal, since that is final as to them because they are no longer appealing that. So this is only an appeal from the order denying Care First attorney's fees after the dismissal of the prior action. 1132, 29 U.S.C. 1132 G. 1 allows the Court to award attorney's fees in its discretion as long as the party has first of all, less than $60,000 worth of attorney's fees. The Court below ruled, they recognize it, I'll say, the Court recognizes that CFMI engaged in more than two years of litigation to defend against the plaintiff's claims, allegations. However, based upon the arduous procedural history of this action, the Court cannot, quote, fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into whether CFMI's success was not based on a purely procedural victory, citing Hart, and then finding that there's no evidence to support CFMI's assertion that the plaintiffs filed their action in bad faith, having considered the Bowen factors in the party's arguments, the Court finds that should be denied, no other analysis, no other analysis. I think you got a pretty good analysis, thorough from some orders, but you're complaining about three explanations, you're three ahead of some orders. Well, this ruling was an abuse of the Court's discretion for several reasons. The threshold inquiry for recovery of attorney's fees is that issue of achieving some degree of success on the merits. Here, we did achieve total success on the merits. A dismissal with prejudice of every claim against us is a decision on the merits. As this Court has said, it's tantamount to a decision on the merits. As in the Schwartz case, they said an adjudication in favor of defendants by court or jury can rise no higher than a dismissal with prejudice on the merits, a dismissal with prejudice. It's not a procedural victory. It's the exact opposite of a mere procedural victory. A mere procedural victory is, for example, denial of class certification, intervention, you know, denial of a motion to dismiss. That is procedural. It does not affect the final outcome of what's going on. It's not a direct effect. Here, every claim they had was dismissed, either by the Court on motion to dismiss or by voluntary dismissal in face of having to respond to our motion to compel. The whole previous hour-long argument, or however long it was, just seemed that way. You want to say that wasn't procedure, that the dismissals based on inadequate pleadings were not procedural. I don't know what Hart means by procedural, and I don't know how much further explanations have arisen from that, but that is at least one label that it was a pleading, not a merits decision. Your Honor, people can put different labels on different things. Lawyers do. And they always do. That is true. But this Court, as well as many others, has said that a dismissal with prejudice is a merits decision. It is a merits decision. It is a merits decision for purposes of res judicata. It is a merits decision exactly as if, the same legal effect as if the judge specifically ruled on the merits on summary judgment or after a trial or a jury ruled after a trial. It is identical relief. Prior to Hart, there were some courts that held that you needed to have success on the merits, had to win, you had to win the case to be entitled to fees. Under that standard, we would be entitled to fees because we won. The problem is, is that people take procedural to mean different things. Here, how can the Court, when it's seeking to lower the standard for what is required for recovery of attorney's fees, turn it on its head and, in this case, make it a much higher standard than it otherwise would have been? Pre-Hart, some cases, would have said, absolutely, Kerberos, you have met the first hurdle. You are the prevailing party. In Hart, they lowered that standard and said, well, you don't have to go that far. Some courts, the Third Circuit has come out and said, well, if you take a step which moves it toward your success, if the litigation action pressured a party to give up some requested relief, then that's sufficient. Well, here, litigation pressure caused them to dismiss their final two claims with prejudice. Our motion to compel caused them to, for withdrawal or a motion to compel, they dismissed those with prejudice. That in and of itself changed the posture of the case. Under the Third Circuit case, the catalyst theory that the, I guess, the second, third, fourth, and eleventh have adopted, this Court has never dealt with it, that would be sufficient to get you through the first step. The problem is the Court never really went beyond the first step to any significant degree. They said, oh, we think it's procedural. We just don't really know why, why I granted this relief. The Court granted the relief because they failed to plead on multiple occasions. Kennedy. What merit does it have for the judge to say it would be a lengthy, it would take me a lot of work to figure this out? How does that fit into the case law? O'Connor. I don't think, I don't think it fits into the case law at all in this case. If it's a circumstance where there were some procedural victories and the Court is trying to determine whether those victories on those procedural matters actually affected the outcome in a positive manner, if it's enough to be beyond some kind of trivial relief. Here, it's not trivial relief. It is complete victory. O'Connor. That's not the only factor, though. Kennedy. No, no, no, you're right. That's just the threshold. That's just to get us and then the judge has to decide in its discretion whether it's enough that they want to award fees. O'Connor. And the Court said, having considered the factors, not just the first factor, but the factors, and the parties' arguments, so we assume that the Court considered more than just the point it talked about. The Court finds the CFMI's request for attorney fees should be defined, denied, excuse me, and the parties should be taxed for their own cost of litigation. So the Court says it did the correct analysis. And we don't just say that it only did the first factor and relied totally on that and it got the first factor wrong. It went through all the factors. And you don't have to do the factors, but it's okay to do the factors. Kennedy. Well, Your Honor, yeah, it is true that the Supreme Court and this Court have said you don't have to do the, you don't have to, and here it's Bowen, other places, they have some other court name that's their local circuit. But you don't have to go through the Bowen factors. But if you do go through the Bowen factors, I think you need to do a Bowen analysis. You need to explain and analyze the elements. The Court here didn't analyze any element or explain any element except for the first one. O'Connor. What case says that where they don't adequately explain the Bowen elements that we are going to reverse and say the Court abused its discretion? Kennedy. Your Honor, frankly, I'm not 100% sure which case it is. I have a couple of cases where they say that that's what the standard is. There's the one Lincoln Financial case. It's in the Federal Appendix. It's a 428F Appendix 394. Leipzig essentially says the same basic language. That's 481 Federal Appendix. O'Connor. You're saying that that case says where the Court doesn't adequately explain it in its opinion, we're going to reverse and say you abused your discretion? Kennedy. No, Your Honor. I'm not saying that because I don't think that that's what they rely — they said that that was the standard that you're supposed to explain and analyze each — the elements. If you decide to use the Bowen factors, which, as we know, you don't have to, this Court chose to follow the Bowen factors. But if you look at what the factors actually are, I mean, they don't discuss any but the first, okay? There's a lot of question as to what bad faith — bad faith or culpability, I guess, is the actual standard. There's a lot of question as to what that really means because it's kind of an amorphous term. But there are cases out there. There's a — the Schleder case that we filed, it is a case out of California, so there's — you know, he's just persuasive. But they talk about indicia of bad faith, such as failure to adequately investigate your claim, your ERISA claim, before you file it. O'Connor. You lost on that point because the Court did do that analysis and said they did not — there was not evidence of bad faith. So the Court specifically addressed that point. The Court specifically addressed it, but the evidence that's in the record shows that the Court abused its discretion in making that ruling because the facts — the facts are — It's a complicated, emerging area of the law. Yes, it is, Your Honor. I agree. And we all know that. I agree, Your Honor. So how can that be — and the Court found it wasn't bad faith. How is that abuse of discretion? Your Honor, if they had done a cursory investigation pre-suit, A, they would have discovered that the planned terms that we had were nothing of what they alleged, plus half of the claims they alleged against us were not against our client. Five of the ten claims were against a completely different entity that they were alleging against us. They didn't do even the most cursory of investigations as to care first pre-suit. And you've heard enough about the merits of that. On the — on the issue of the relative merits of the claims, I mean, the fact that we won 100 percent is certainly relevant, one would think, to the analysis. The Court didn't mention it — mention or discuss. They didn't even mention any of the other four elements at all. I think it's pretty clear that the threshold question, the procedural question, infected the entirety of the judge's order, because the judge, as a threshold matter, decided that this was a procedural victory when, as a matter of, I think, very clear authority, a dismissal with prejudice, for whatever reason, is a decision on the merits. Otherwise, you're inflating some degree of success on the merits to a standard that's greater than prevailing party. And if a court does choose to follow a Bowen analysis, which it can or can't or not, it still needs to have some kind of explanation for each of the elements. It didn't show any indication that it — of how it considered any of the other elements. It just said nothing there. Like I say, I think this is a fairly straightforward, and I think 90 percent of it is the issue of whether this is a procedural victory or not, because you don't even get to the Bowen factors if it's a mere trivial or procedural victory and not a decision of some success on the merits. And how one can say that we had no success on the merits in here, I don't understand how that could be. And when you look at the fact that the court in this case, as to victory, held that their claims were without merit because they failed to adequately plead it, and they failed to do any kind of pre-suit investigation, and that, as to victory, is final, I think that it's finding that there's no, quote, evidence of bad faith standing by itself, and ignoring the rest of the Bowen factors is insufficient. And this should go back to the trial court to reconsider this. Thank you, Your Honor. May it please the Court. I agree with counsel that it is a simple, straightforward question. I also agree with the district court below that it was a procedural dismissal. I do not agree that every dismissal, just because all the claims were dismissed, that is a, quote, decision on the merits. There are lots of ways that a case could be dismissed and not dismissed on the merits, and one of them is a 12b-6 dismissal, the failure to properly plead the claim, which is what this Court just heard an hour's worth of argument about. It all centers on the pleading. The court below, the record shows that the dismissal was because of the failure to state the claim, the failure to plead the claim in terms of the plan document languages, the contracts themselves. It was not a dismissal because, had those documents been pled, my clients could not have prevailed upon that claim. In fact, in the prior argument, counsel for the insurance company said one aspect of what your ruling in that case could be would be whether or not it would require defendants to append plan language, you know, for their 12b motions. That did not happen here. Had it happened here, then the district court might have ruled on the merits. It might have ruled that if we had stated a proper claim, then we could not carry it through. To decide this case, do we have to decide whether or not it's a procedural or a merits? Not at all, Your Honor. Not at all. I think that's the easiest way to do it. But if it is purely procedural and if it wasn't because of the merits, then you don't get into the question about whether or not all the Bowen factors have to be explicitly considered and written into the opinion, because, as the Court pointed out, the district court did say, having considered the Bowen factors, he chose to elucidate one of them and say that it was not bad faith. Counsel says, well, the record shows that that was an abuse of discretion, but the on the abuse of discretion for that factual finding on whether or not there was indicia of bad faith. In addition, even were this Court to find that there — whether or not there is some success on the merits, the fact that the judge still had discretion not to award fees, whether or not he considered all the Bowen factors, there has been no showing that he abused that discretion in the consideration that he undertook. There is no law that says the judge has to consider and explicitly write on each one of the Bowen factors. This is not like a fraud case where if you undertake the duty to speak, you've got to tell everything. If I undertake the Bowen decision, I don't necessarily have to elucidate each one of them. Kennedy. The counsel who preceded you cited two unpublished, nonpresidential opinions, Lincoln and something else. What's your response to those? I thought he was using those to say that, in fact, all the factors had to be articulated or all the factors had to be used. I wasn't sure exactly what he was saying those cases held. You know what cases I'm talking about? Yes, Your Honor, I do. And the one that I recall that — and I think it is the Leipzig case where the Court said those considerations, those factors were not considered, therefore, we will send it back. That's not, obviously, this Circuit's opinion and controlling authority. In fact, this Circuit's controlling authority is unless there is a complete absence of consideration of the factors, then pre-band is not required. Finally, at the end of the day, this argument that just because all of the claims were dismissed, that made them a, quote, prevailing party. But it does not mean that that was a decision on the merits. The nomenclature used for decision on the merits in all the cases cited and the ones that we distinguished in our briefing are claim preclusion, issue preclusion, res judicata. For that purpose, the nomenclature of a, quote, decision on the merits means one thing. But some victory on the merits means something entirely different when you're dealing with a dismissal under 12b-6. I think when you look at the basis for the decision below, it was because the case was not properly pled according to the judge at that time, based on pre-electoral ex— You know. Are you saying, though, that this is a unique use of the term on the merits because we have other types of law that deal with whether we've decided on the merits, and we have said in those contexts that 12b-6 can be on the merits? No, not at all, Your Honor. 12b-6 can be on the merits. In fact, in the case relied upon by my opponent, the Colt case, it was on the merits. What the Court did is say, you pledged yourself out of court. You pled in such a way to show that you could not win that case at trial. That's not what was done here. We never got the chance. Thank you. Thank you, Your Honor. And we'll take your time back, too. Thank you. Hopefully briefly in response. The key—I think part of it goes back to the issue of what was happening in Hart when the Supreme Court clarified the fact that you don't have to be a prevailing party to recover attorney's fees under ERISA. All you have to have is some degree of success on the merits. The entire intention of Hart was to lower the standard to allow people who got some kind of relief to still potentially get recovery of attorney's fees. We are the prevailing party. I don't understand how anyone could say that a 12b-6 motion that's granted, which is considered by virtually every court to be a success on the merits, it is tantamount to success on the merits, this Court has explicitly said it. I don't know how that could be anything less than meeting the first level. As to the issue of discussing all of the issues, there — I agree there's not Fifth Circuit authority that explicitly goes through and says, this Court, in a post-Hart environment, this Court did not actually analyze every issue, and that's not enough. The Third and Second Circuits have gone down that path. The Templin case, which is cited in our reply on page 6, discusses that, such as the fact of what the first factor actually is, and if you just use the first factor and don't talk about the others, then that's a problem. Kennedy, are you being precise in how you put that? It seems to me it's one thing to say, I think the first factor is enough to resolve this, and it's clear from the opinion that's all the district judge did. It's something else to say, I've considered everything that you've given to me. I've considered Bowen, talk about one factor. Are you saying the Third Circuit actually would require an articulation by the district judge of each factor? I don't think the Court can, as the Second Circuit says, they can't selectively pick out the factor or factors that they want to consider. That's, I think, as Judge Elroy pointed out earlier, I think we can read the district judge's opinion to say, in fact, I considered everything, and I'm going to analyze orally here. This was an oral statement or was this a written opinion? I believe this was written in the oral statement. Maybe he said it at a hearing. But regardless, judges are busy and they don't — we don't necessarily consider every issue raised in an appeal in our written opinion, but we would have articulated it, we would have looked at it and considered it and resolved it. And it seems to me the same thing is going on with district judges when you have multifactor tests and they only talk about some of the factors. So I'm just wondering if you have law that says, by golly, that district judge better use every word in this factor or else we're going to reverse it. Your Honor, I think that if a judge chooses to — they don't have to use the Bowen factors, but I think if the judge is using his discretion, his or her discretion to decide whether or not to award attorney's fees, they need to explain the basis for either awarding or declining to award it. And they can do that several ways. If they want to utilize the Bowen factors because they're, you know, enunciated, they're easy to read, you can say, okay, check the box on each of them, they can do that. But I don't think it's appropriate for the Court to come in and say, well, this bad faith thing — I don't think there's any evidence of bad faith. I think that there is evidence of bad faith, and I think the judge ignored it completely. But I think that there's evidence of bad — no evidence of bad faith, so the Bowen factors are enough. They just don't get there. When you look at what was actually presented to the Court, there was evidence of every element under the Bowen factors, and the judge didn't even pay the kind of lip service of saying, I've looked at each of the Bowen factors. As to this one, I don't think it weighs — it's like any time the Court renders an opinion on personal jurisdiction or on change of venue or anything, they go through and they say, well, here's the factors for moving it to the District of Virginia. Here, this one, well, this one weighs in favor of moving it. This one weighs against it. And in sum, I think that it needs to stay here. Here, if the judge had done that, we would have an extremely hard time. In fact, we really wouldn't have the ability to take much of an appeal from that because he's gone through and analyzed each of the elements and said, I'm putting my weight on this side because these three elements go this way, these two, I think they're neutral, so this one wins. He didn't do that. So, therefore, I think that it is improper for them to just pluck one factor out and rule on it when he has decided to actually utilize the factors. Thank you, Your Honor. Thank you, Mr. Berger. This concludes the case. This case is submitted. This concludes the arguments for today.